United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL ADROW,<br><br>Defendant. | Case No.: CR 12-00704-CW (KAW)<br><br>DETENTION ORDER |

## I. BACKGROUND INFORMATION

Defendant Manuel Adrow is charged in an indictment with violations of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 924(d) (forfeiture of firearm and ammunition). On December 3, 2012, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On December 10, 2012, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Public Defender Edward Smock. Special Assistant United States Attorney Maureen Onyeagbako appeared on behalf of the Government. The Court notes that Defendant is currently on court probation. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle

that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The complaint charges that on or about July 31, 2012, Defendant possessed a 9mm Smith & Wesson semiautomatic pistol, a firearm, and 9mm ammunition, despite being a convicted felon.

///

///

### A. The Nature and Circumstances of the Offense

The offense charged in this case is felon in possession of a firearm, which gives rise to a rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(2), (f)(1)(E). The presumption of detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 30 years old and was residing with his girlfriend, his father, and his father's girlfriend in Oakland, California. He has been reportedly unemployed for more than ten years, having only worked in 1998 for seven to nine months for the California Conservation Corps in Auburn, California.

Defendant's criminal record dates back to 1995, when he was arrested as a juvenile for transportation and sales of narcotics. His convictions as an adult range from possession for sale, vandalism (misdemeanor), vehicular theft (felony), and a 2009 conviction for felon in possession of a firearm. Defendant has spent a considerable amount of time incarcerated, and when he is not in custody he consistently violates the terms of his supervised release, both through numerous arrests and failures to appear, which has led to several revocations of parole and probation, including additional time in jail and prison.

Defendant currently has an outstanding warrant with a bail amount of $917.00. He also has a previous conviction for the same offense charged in this case, which involved a firearm. Further, the fact that he has repeatedly violated terms of supervised release in the past, and that he was on probation when he was arrested for the current offense, suggests that he is not amenable to community supervision.

Defendant proposed four sureties, including Hayat Mohammed (his significant other), Loretta Knuckles (paternal grandmother), Manuel Adrow (father), and Melina Neou (family friend). Defendant's girlfriend and father are both unemployed. The former is financially dependent on her brother, and the latter has a recent criminal history and is on disability. Likewise, Defendant's grandmother is also unemployed, collects social security benefits and SSI,

DETENTION ORDER
CR 12-00704-CW (KAW)                              3

and has a prior criminal history. Ms. Neou did not respond to Pretrial Services' attempts to contact her, but did appear at the Detention Hearing. Given Defendant's propensity to violate the terms of his supervised release, and the fact that his proposed sureties are not viable in that they lack property to secure his release, the proposed sureties do not provide sufficient moral suasion to guarantee Defendant's compliance with the conditions of his supervised release.

The Court also noted that Defendant has used two aliases in the past.

In light of Defendant's criminal history, the nature of the instant offense, and Defendant's 2009 conviction for the same offense, the Court finds that Defendant has not met his burden to dispel the presumption that he presents a danger to the community, and that there is a condition or combination of conditions that will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e), (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: December 11, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 12-00704-CW (KAW)                                        4